# EXHIBIT E

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/12/2015 4:41:59 PM
KEITH E. HOTTLE
Clerk

STATE OF MISSOURI          §
                           §
COUNTY OF BUCHANNAN        §

## AFFIDAVIT OF KENNEY NEWVILLE

BEFORE ME, the undersigned authority, this day personally appeared KENNEY NEWVILLE, who being by me first duly sworn upon oath deposed and stated the following:

"My name is KENNEY NEWVILLE. Unless otherwise indicated herein, I have first-hand knowledge of the facts herein. All of the facts herein are true and correct. I am the Engineering Consultant of GRACE RIVER RANCH, LLC (GRACE RIVER). I frequently perform those services at the location of Grace River Ranch. I am familiar with Grace River Ranch and the surrounding area.

GRACE RIVER is a Texas limited liability company originally formed on December 28, 2012 as "Rio Gracia, LLC."[1] On January 30, 2013, the registered name of Rio Gracia, LLC was changed to "GRACE RIVER RANCH, LLC."[2]

GRACE RIVER is the owner of the 6,779.066 acre Grace River Ranch located in part or all of the following surveys in La Salle County, Texas:

**Figure 1.**

| SURVEY | ABSTRACT NO. |
|---|---|
| Tyler B. Self | A-649 |
| P.T. Irrigation Co. | A-753 |
| W.A. Tennison | A-678* |
| Wm. Wallace | A-696* |
| Jno. Reuerman | A-634* |
| G.B. & C.N.G. R.R. Co. | A-867 |
| B.S. & F. | A-100 |

---

[1] *Refer to* "Exhibit 2".
[2] *Refer to* "Exhibit 3".

1

| SURVEY | ABSTRACT NO. |
|---|---|
| C.C.S.D. & R.G.N.G. R.R. Co. | A-1733 |
| C.C.S.D. & R.G.N.G. R.R. Co. | A-720 |

*Indicates Abstract is partially included within the Grace River Ranch boundary.

This 6,779.066 acre ranch is more particularly described by metes and bounds in a Special Warranty Deed, Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, Co-Trustees of the Roy and Bonnie Goodwin Family Ranch Trust dated December 17, 2012 to Rio Gracia, LLC dated December 31, 2012 and recorded at Volume 664, Page 227, Official Public Records, La Salle County, Texas (hereinafter the "Grace River Ranch").[3]

From my review of the appended records of the Office of the Texas Secretary of State, it appears that EL CABALLERO RANCH, INC. (EL CABALLERO) is a Texas corporation formed December 17, 1997.[4]

I have thoroughly reviewed the Deed Records and Official Public Records of La Salle County, Texas which are appended to this Motion for Summary Judgment. EL CABALLERO is the owner of at least 9,220.993 acres comprising the El Caballero Ranch located in part or all of the following surveys in La Salle County, Texas:

**Figure 2.**

| SURVEY | ABSTRACT NO. |
|---|---|
| J. Poitevent | A-813 |
| G.B.&C.N.G. R.R. Co. | A-730 |
| G.B.&C.N.G. R.R. Co. | A-1737 |
| Beaty, Seale & Forwood | A-1122 |
| Heirs of Greenlee | A-561 |
| A.B. & M. | A-13 |
| Adams, Beaty & Moulton | A-1403 |
| T.W.N.G. R.R. Co. | A-764 |

---

[3] *Refer to* "Exhibit 4".
[4] *Refer to* "Exhibit 5".

2

| SURVEY | ABSTRACT NO. |
|---|---|
| T.W.N.G. R.R. Co. | A-1736 |
| G.B. & C.N.G. R.R. Co. | A-731 |
| Frederick Walbold | A-702 |
| G.B. & C.N.G. R.R. Co. | A-1451 |
| G.B. & C.N.G. R.R. Co. | A-795 |
| Adams, Beaty & Moulton | A-1735 |
| A. & B. & M. | A-12 |
| G.B. & C.N.G. R.R. Co. | A-1451 |
| T.R. Wright | A-1845 |

(hereinafter the "El Caballero Ranch").

The El Caballero Ranch is described in a Warranty Deed from Knight Oil Tools, Inc. to EL CABALLERO dated March 30, 1998 and filed of record at Volume 400, Page 83, Deed Records, La Salle County, Texas.[5]

From my review of the records of the Office of the Louisiana Secretary of State, LAREDO MARINE is a Louisiana limited liability company formed on December 18, 2000.[6]

LAREDO MARINE is the owner of a 30,074.41 acre tract known as the 7 C's Ranch located in part or all of the following surveys in La Salle County, Texas.

---

[5] *Refer to* "Exhibit 6".
[6] Records of the Office of the Louisiana Secretary of State regarding Laredo Marine, L.L.C. [Exhibit 33].

{18705.43065-00338741.DOCX}

Figure 3.

| SURVEY | ABSTRACT/SURVEY NO. |
|---|---|
| W.A. Tennison | A-678/Survey No. 106 |
| Wm. Wallace | A-696/Survey No. 105 |
| Jno. Reuerman | A-634/Survey No. 104 |
| Wm. Ferebee | A-172/Survey No. 103 |
| Clemente Diaz | A-145; Survey No. 102 |
| G.B. & C.N.G. R.R. | Survey No. 1431 |
| Sarah Rogers | Survey No. 267 |
| San Casimiro | A-1208 |
| B.S. & F. Survey No. 2 | A-2095 |
| G.B. & C.N.G.R.R. | A-2096/Survey No. 422 |
| G.B. & C.N.G.R.R. | Survey No. 421 |
| Win Armstrong | A-8/Survey No. 101 |
| Daniel Dolan | A-146/Survey No. 100 |
| P.T. Irrigation Co. | A-754/Survey No. 263 |
| Wm. S. Williamson | A-695/Survey No. 98 |
| J.S. Thorn | A-1088/Survey No. 265 |
| H. & G. Ry. Co. | Survey No. 1223 |

(hereinafter the "7 C's Ranch).

The 7 C's Ranch is described in Correction General Warranty Deed With Assumption of Security Documents, Damon Chouest, Inc. to Laredo Marine Dated April

4

20, 2011 and filed of record at Volume 572, Page 120, Deed Records, LaSalle County, Texas (hereafter the "7 C's Ranch").[7]

The appended records from the Deed Records and Official Public Records of La Salle County demonstrate that the Grace River Ranch (now owned by GRACE RIVER), the El Caballero Ranch (now owned by EL CABALLERO), and the 7 C's Ranch (now owned by LAREDO MARINE) all have a common source of title, same being Patrick H. Welder, Jr. The parent tract was acquired by Patrick H. Welder, Jr. by deed dated January 28, 1963 and recorded at Volume 130, Page 116, Deed Records, La Salle County, Texas on February 19, 1963. I have set out below in tabular form the title histories of the Grace River Ranch, the El Caballero Ranch, and the 7 C's Ranch subsequent to that common source of title as taken from those Deed Records and Official Public Records of La Salle County, Texas which are appended to this Motion for Summary Judgment.

**Figure 4.**

| Grace River Ranch Title History | | | |
|---|---|---|---|
| Document | Date | Recorded | Exhibit |
| General Warranty Deed, Patrick H. Welder, Jr. to John T. Mundy and Sue E. Mundy | September 6, 1995 | Volume 381, Page 563, Deed Records, La Salle County, Texas on September 12, 1995 | "Exhibit 7" |
| Special Warranty Deed, John T. Mundy and Sue E. Mundy to Roy and Bonnie Goodwin Family Ranch Trust (Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, as Co-Trustees) | December 17, 2012 | Volume 664, Page 219, Official Public Records, La Salle County, Texas on January 2, 2013 | "Exhibit 8" |
| Special Warranty Deed, Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, Co-Trustees of the Roy and Bonnie Goodwin Family Ranch Trust Dated December 17, 2012 to Rio Gracia, LLC | December 31, 2012 | Volume 664, Page 227, Official Public Records, La Salle County, Texas on January 2, 2013 | "Exhibit 4" |

---

[7] *Refer to* "Exhibit 34".

{18705.43065-00338741.DOCX}

Figure 5.

| El Caballero Ranch Title History | | | |
|---|---|---|---|
| Document | Date | Recorded | Exhibit |
| Vendor's Lien Deed, Patrick H. Welder, Jr. to Knight Oil Tools, Inc. | February 3, 1997 | Volume 392, Page 229, Deed Records, La Salle County, Texas on February 6, 1997 | "Exhibit 9" |
| Warranty Deed, Knight Oil Tools, Inc. to El Caballero Ranch, Inc. | March 30, 1998 | Volume 400, Page 83, Deed Records, La Salle County, Texas on April 22, 1998 | "Exhibit 6" |

Figure 6.

| Title History – 7 C's Ranch | | | |
|---|---|---|---|
| Document | Date | Recorded | Exhibit |
| Warranty Deed, Patrick H. Welder, Jr. to E. J. Cop (30,074.41 ac.) | October 6, 1999 | Volume 407, Page 409, Deed Records, LaSalle County, Texas | "Exhibit 35" |
| Warranty Deed, E.J. Cop to Dennis J. Wilkerson, Trustee (15,000 ac.) | March 22, 2000 | Volume 411, Page 179, Deed Records, LaSalle County, Texas | "Exhibit 36" |
| Warranty Deed, E.J. Cop to Dennis J. Wilkerson, Trustee, Samuel H. Vester, Jr. and Joseph P. Gerlich (15,074.41 ac.) | March 22, 2000 | Volume 411, Page 208, Deed Records, LaSalle County, Texas | "Exhibit 37" |

6

{18705.43065-00338741.DOCX}

| Title History – 7 C's Ranch | | | |
|---|---|---|---|
| **Document** | **Date** | **Recorded** | **Exhibit** |
| Warranty Deed With Vendor's Lien, Dennis J. Wilkerson, Trustee, Samuel H. Vester, Jr., and Joseph P. Gerlich to Damon Chouest, Inc. | March 23, 2000<br><br>(Effective March 22, 2000) | Volume 411, Page 234, Deed Records, LaSalle County, Texas | "Exhibit 38" |
| Correction Warranty Deed With Vendor's Lien, Dennis J. Wilkerson, Trustee, Samuel H. Vester, Jr. and Joseph P. Gerlich to Damon Chouest, Inc. | April 18, 2011<br><br>(Effective March 22, 2000) | Volume 572, Page 85, Deed Records, La Salle County, Texas | "Exhibit 39" |
| General Warranty Deed With Assumption of Security Documents, Damon Chouest, Inc. to Laredo Marine, L.L.C. | December 18, 2000 | Volume 417, Page 11, Deed Records, La Salle County, Texas | "Exhibit 40" |
| Correction General Warranty Deed With Assumption of Security Documents, Demon Chouest, Inc. to Laredo Maine, L.L.C. | April 20, 2011<br><br>(Effective December 18, 2000) | Volume 572, Page 120, Deed Records, La Salle County, Texas | "Exhibit 34" |

From my review of the Deed Records and Official Public Records of La Salle County, Texas, it appears that contemporaneously with the creation and sale of the present Grace River Ranch by Patrick H. Welder, Jr. on September 6, 1995, Welder created and granted an "Access Easement Agreement" for vehicular and pedestrian access in favor of John T. Mundy and Sue E. Mundy to the present Grace River Ranch over and across Welder's retained property inclusive of the present El Caballero Ranch and 7 C's Ranch properties and passing along a prescribed and surveyed route northward toward FM 624. This Access Easement Agreement (recorded at Volume 382, Page 1, Deed Records, La Salle County, Texas) provided in pertinent part:

(1)     the easement was 80 feet in width;

(2)     the access was for vehicular and pedestrian access along the described route of the easement for each owner of the present Grace River Ranch, their employees, agents, and invitees;

7

(3)     no barriers were to be erected to interfere with the free flow of vehicular and pedestrian traffic across the present El Caballero Ranch and/or 7 C's Ranch other than gates through which the easement owner might pass without assistance;

(4)     the servient owner was to provide the easement owner with all necessary keys to open gates such that all gates could be freely opened and closed without assistance;

(5)     the easement was binding upon and inured to the benefit of all subsequent owners of the servient and dominant estates;

(6)     the easement could not be subsequently amended except by a writing by the owners of the servient and dominant estates and signed and filed of record in La Salle County;

(7)     the easement was appurtenant to the present Grace River Ranch.

(hereinafter the "Northerly Grace River Easement").

From my review of the Deed Records and Official Public Records of La Salle County, Texas which are appended to this Motion for Summary Judgment, it appears that contemporaneously with the creation and sale of the present Grace River Ranch by Patrick H. Welder, Jr. on September 6, 1995, Welder also created and granted an additional "Access Easement Agreement" for vehicular and pedestrian access in favor of John T. Mundy and Sue E. Mundy to the present Grace River Ranch over and across Welder's retained property inclusive of the present 7 C's Ranch property and passing along a described route towards State Highway 44.[8] This second Access Easement Agreement (recorded at Volume 382, Page 9, Deed Records, La Salle County, Texas provided in pertinent part:

(1)     the easement was 80 feet in width;

(2)     the access was for vehicular and pedestrian access along the described route of the easement for each owner of the present Grace River Ranch, their employees, agents, and invitees;

(3)     no barriers were to be erected to interfere with the free flow of vehicular and pedestrian traffic across the present 7 C's Ranch property other than gates through which the easement owner might pass without assistance;

(4)     the servient owner was to provide the easement owner with all necessary keys to open gates such that all gates could be freely opened and closed without assistance;

---

[8] *Refer to* "Exhibit 41".

8

(5)     the easement was binding upon and inured to the benefit of all subsequent owners of the servient and dominant estates;

(6)     the easement could not be subsequently amended except by a writing by the owners of the servient and dominant estates and signed and filed of record in La Salle County, Texas.

(7)     The easement was appurtenant to the present Grace River Ranch.

(hereinafter the "Easterly Grace River Easement").[9]

The Northerly Grace River Easement and the Easterly Grace River Easement are sometimes herein collectively referred to as the "Grace River Easements".

From my review of the Deed Records and Official Public Records of La Salle County, Texas which are appended to this Motion for Summary Judgment, it appears that GRACE RIVER is the successor in title of the dominant estate of the Grace River Easements. Below I have set out in tabular form the chain of title of the Grace River Easements:

**Figure 5.**

| Grace River Easements Title History (Dominant Estate) | | | |
|---|---|---|---|
| Instrument | Date | Recorded | Exhibit |
| Access Easement Agreement (Northerly), Patrick H. Welder, Jr. to John T. Mundy, et ux | September 6, 1995 | Volume 382, Page 1, Deed Records, La Salle County, Texas on September 12, 1995 | "Exhibit 10" |
| Access Easement Agreement (Easterly), Patrick H. Welder, Jr. to John T. Mundy, et ux | September 6, 1995 | Volume 382, Page 9, Deed Records, La Salle County, Texas on September 12, 1995 | "Exhibit 41" |

---

[9] *Refer to* "Exhibit 41".

9

| Grace River Easements Title History (Dominant Estate) | | | |
|---|---|---|---|
| Instrument | Date | Recorded | Exhibit |
| Special Warranty Deed, John T. Mundy and Sue E. Mundy to Roy and Bonnie Goodwin Family Ranch Trust (Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, as Co-Trustees)[10] | December 17, 2012 | Volume 664, Page 219, Official Public Records, La Salle County, Texas on January 2, 2013 | "Exhibit 8" |
| Special Warranty Deed, Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, Co-Trustees of the Roy and Bonnie Goodwin Family Ranch Trust of December 17, 2012 to Rio Gracia, LLC[11] | December 31, 2012 | Volume 664, Page 227, Official Public Records, La Salle County, Texas on January 2, 2013 | "Exhibit 4" |

LAREDO MARINE, as the owner of 7 C's Ranch, is the successor in title to that part of the servient estate encumbered by both the Northerly Grace River Easement and the Easterly Grace River Easement and lying within 7 C's Ranch per the chain of title set out in Figure 6.

From my review of the Deed Records and Official Public Records of La Salle County, Texas which are appended to this Motion for Summary Judgment it appears that the Northerly Grace River Easement is non-exclusive. Additional parties have valid private and public easements along an identical route across, in part, the El Caballero Ranch and 7 C's Ranch. These other private and public easements were originally created in the following instruments:

---

[10] The Grace River Easement was expressly conveyed as part of this transaction.

[11] The Grace River Easement was expressly conveyed as part of this transaction.

10

## Figure 7.

| Additional Public and/or Private Easements<br>Along the Northerly Grace River Easement | | | |
|---|---|---|---|
| **Instrument** | **Date** | **Recorded** | **Exhibit** |
| Access Easement Agreement, Patrick H. Welder, Jr. to Jim Berry and Bob Berry (hereafter the "Berry Easement") | March 31, 1995 | Volume 379, Page 52, Deed Records, La Salle County, Texas on May 15, 1995 | "Exhibit 12" |
| Vendor's Lien Deed, Patrick H. Welder, Jr. to Knight Oil Tools, Inc. (hereafter the "Welder Easement")[12] | February 3, 1997 | Volume 392, Page 229, Deed Records, La Salle County, Texas | "Exhibit 9" |
| Right-of-Way Deed, Ruth Bradley Watkins, Individually and as Independent Executor of the Will and Estate of Griffin Watkins, Deceased, et al to G.A. Welhausen, County Judge, La Salle County, Texas (hereafter the "La Salle County Easement"). | February 3, 1939 | Volume M-3, Page 390, Deed Records, La Salle County, Texas | "Exhibit 13" |

No subsequent revocation or termination of these additional easements, signed by all parties or successors in interest has been located in Deed Records or Official Public Records of La Salle County.

On December 31, 2012, GRACE RIVER (then Rio Gracia, LLC) bought the Grace River Ranch and appurtenant easements, inclusive of the Northerly Grace River Easement.[13] Since that date, the Northerly Grace River Easement has never been amended, waived, or released by any instrument signed by the owners of the dominant and servient estates and recorded in La Salle County.

Exhibits 2-4, 11, 16, 19-26, 31-32 to this Motion for Summary Judgment are all business records of GRACE RIVER made or retained in the ordinary course of its business and made or retained by someone whose responsibility it was to so make or so retain the records. The person making or retaining these records had first-hand

---

[12] The easement was retained in this Vendor's Lien Deed by Patrick H. Welder, Jr. at p. 3 [Exhibit 9].

[13] *Refer to* "Exhibit 4".

11

knowledge of the contents thereof. All of the records are true and correct copies of the originals of such records in the files of GRACE RIVER. I am the Custodian of these records of GRACE RIVER.

The Northerly Grace River Easement has the same utility, necessity, and convenience for access to and egress from Grace River Ranch that it had on the date it was created. The perimeter boundary of the Grace River Ranch has not changed since its conveyance to the Mundys in 1995. Nor has there been any substantial change in the private and public road system by which Grace River Ranch is accessed. There have been no substantial changes in the flow, location, or nature of the Nueces River in the area of the Low Water Crossing since the Northerly Grace River Easement was created in 1995. The Northerly Grace River Easement provides access from Grace River Ranch to FM 624, Cotulla, and points northward and eastward. A good and substantial road now exists entirely along the Northerly Grace River Easement save and except for approximately 65 feet of the southern approach to the Low Water Crossing. GRACE RIVER has been seeking access to the Low Water Crossing across the Grace River Easement for the purposes of surveying and effecting repairs to the southern approach of the Low Water Crossing. EL CABALLERO has refused access along the Grace River Easement by locked gate for which EL CABALLERO refuses to provide key(s) or access.

Appended to this Motion for Summary Judgment is my Resume/Vitae.[14] This Resume/Vitae summarizes my professional qualifications and experience as a Civil Engineer. I have been a practicing Civil Engineer for 30 years and a licensed surveyor for 22 years.

On December 31, 2012, GRACE RIVER bought the Grace River Ranch and appurtenant easements all as described in the Motion for Summary Judgment. [15] This included the Grace River Easement.[16] Not long after this sale closed, I, as part of my responsibilities with GRACE RIVER began looking for the owners of the El Caballero Ranch. On February 19, 2013, I left a message for Dean Cole, who was identified as the contact person for Knight Oil Company, who owns EL CABALLERO. On February 21, 2013, I left another voice message for Dean Cole and Lori Kendall, Dean's assistant, returned my call and asked about the easement and there was an exchange of e-mails and letters that were sent notifying Knight/Welder, pursuant to Section 7 of the Grace River Easement, of the change in ownership of Grace River Ranch. I was also answering questions posed by EL CABALLERO representatives concerning GRACE RIVER's ownership of the Grace River Ranch and easement, which continued through the end of February, 2013. Then on March 7, 2013, we received an e-mail from EL CABALLERO/Knight OF Knight's notice of unilateral revocation of Grace River's Easement rights across the El Caballero Ranch. During that exchange of communications, I did request keys and access along the Grace River Easement as it

---

[14] Refer to "Exhibit 25".
[15] *Refer to* "Exhibit 4".
[16] *Refer to* "Exhibit 4" and "Exhibit 10".

{18705.43065-00338741.DOCX}

traverses El Caballero Ranch.[17] My purpose for this was to perform survey work on some parts of the Grace River Easement and to perform repairs to the low water crossing over the Nueces River.

On February 28, 2013 I followed this up with an e-mail to Dean Cole, counsel for Knight Oil Tools and EL CABALLERO providing information regarding the Grace River Easement again requesting access along the Grace River Easement.[18]

Notwithstanding these requests, EL CABALLERO has refused to grant access to anyone on behalf of GRACE RIVER for the use of the Northerly Grace River Easement. EL CABALLERO has kept the gates locked and actively refused any access along the Grace River Easement.

On March 6, 2013, Dean Cole as counsel for EL CABALLERO wrote to Jeff Davison, as counsel for GRACE RIVER a letter.[19] This letter acknowledged my inquiries about getting access through certain gates on El Caballero Ranch along the Northerly Grace River Easement.[20] Mr. Cole claimed that the Easement was "abandoned" and had "failed of its purpose" and refused to grant any access along the Northerly Grace River Easement.[21]

From my review of the Deed Records and Official Public Records of La Salle County, Texas all as appended to this Motion for Summary Judgment, on or about March 5, 2013, EL CABALLERO attempted to falsely and unilaterally terminate the Northerly Grace River Easement, the Berry Easement (as defined by the Motion for Summary Judgment), and the La Salle County Easement (as defined by the Motion for Summary Judgment) by recording in the Official Records of La Salle County, its "Notice of Revocation and Termination of Easement and Access Easement Agreements" under claims of abandonment, failure of purpose, and impossibility.[22]

For 30 years I experienced working for various aspects of the construction industry on civil improvements including road and drainage improvements. This experience includes, design, inspection, and construction management of projects that ranged in size from repair of three sections of Coquat Road in La Salle County up to a four square mile golf/housing resort community in southern California with improvements totaling in the hundreds of millions of dollars. I have had the opportunity to work on the design and construction of several low water crossings when working for Engineering Service Corp. as they were popular solutions to desert river crossings in that area. With my current employer, I have been given the resources to construct projects such as this in a timely manner. We can undertake demolition projects, perform clearing, move earth, prepare subgrade, install culverts, as well as manage the production and placement of concrete all of which will be necessary to complete the proposed repair project.

---

[17] *Refer to* "Exhibits 20" and "Exhibit 21".
[18] *Refer to* "Exhibit 20".
[19] *Refer to* "Exhibit 24".
[20] *Refer to* "Exhibit 24".
[21] *Refer to* "Exhibit 24".
[22] *Refer to* "Exhibit 18".

13

I have personally and thoroughly inspected the Northerly Grace River Easement at the site of the Low Water Crossing across the Nueces River (as defined in the Motion for Summary Judgment) for the purposes of determining whether it can be repaired and put back into service. The photographs of the Low Water Crossing which are attached to this Motion for Summary Judgment at "Exhibit 26" truly, fairly, and accurately portray the condition of the Low Water Crossing on each occasion on which I have inspected it and all truly, completely, and accurately depict the condition of the Low Water Crossing at present. The present low water crossing is of substantial construction and the largest part of the original structure remains intact. It appears to be decades old and for the most part in good shape. All that needs to be done to repair it is to extend the low water crossing another sixty-five (65) feet across a bypass channel which has developed on the southern approach to the low water crossing. It is proposed by GRACE RIVER that this sixty-five (65) foot extension would include six - six (6) foot corrugated metal culvert pipes to facilitate low and high water passage. The eleven small culverts on the existing crossing can be cleaned out and any voids in the concrete shell of the crossing back filled with flowable fill. This should allow the present structure (as extended) to adequately serve the crossing to prevent any future bypass channel formations. Personnel connected with GRACE RIVER have extensive background, knowledge, and experience in building roads and bridges. It is expected that GRACE RIVER would have access to all of the expertise, personnel, contractors, equipment, etc. necessary to complete a renovation of the Low Water Crossing not later than one month (weather permitting) from receiving all necessary permits to commence the work. I anticipate that having completed this work the Low Water Crossing will be in service for many more decades and will be designed to withstand/survive the very rare high/low water flow events of the Nueces River just as the existing structure has survived similar events.

Between September 9, 2013 and September 12, 2013, GRACE RIVER constructed a single 6' tube low water crossing on the Grace River Ranch. Pictures of this crossing are attached.[23] The effort included removal of the existing gravel low water crossing, grading and construction of a 35' long and 9' tall low water crossing with appropriate concrete cutoff walls. The Nueces River repair of the Low Water Crossing will be nearly twice as long (65') but the same top width (16'), nearly the same height (10') and take much of the same construction knowledge and skill. The repair will not be difficult to construct given the resources at the disposal of GRACE RIVER.

GRACE RIVER requested me to petition all necessary governmental authorities to approve and permit this proposed extension of the Low Water Crossing. Application for the proposed extension to the southerly approach of the Low Water Crossing, including details of the above-described plans, has now been made, completed, and approved with all necessary governmental authorities. Attached are the following approved permits:

1. Miscellaneous Easement No. ME20130153 as issued by the Commissioner of the General Land Office of Texas.[24].

---

[23] *Refer to* "Exhibit 50".
[24] *Refer to* "Exhibit 31".

14

2. Corps of Engineers Permit (Project No. SWF-2013-00264.[25]

After GRACE RIVER purchased Grace River Ranch, I made it my responsibility to get familiar with the Grace River Easements. In January of 2013 I went to the Low Water Crossing along the Northerly Grace River Easement in company with Mike Treat and others. On that date, we were allowed by Tibbets to freely traverse the Northerly Grace River Easement down to the Low Water Crossing. We also viewed the Easterly Grace River Easement. We encountered a locked gate between the 7 C's Ranch and the property adjacent to the East that had been put up by LAREDO MARINE. This gate had typically had a Mundy lock on it to allow Mundy to have access along the Northerly Grace River Easement. On this trip, for the first time, Mike Treat discovered that the Mundy lock had been removed from the gate but was on a common chain left hanging on the fence beside the gate. Additionally, the chain had a Medina Electric and unknown lock that were locked into the chain. Jim Tibbets, the Ranch Manager for 7 C's Ranch, told us at that point that the gate had been recently repaired. A picture of the gate was taken on that date and is appended.[26] In this picture, Mike Treat is pictured on the left hand side holding in his left hand the Mundy lock which was on the common chain. Prior to the date of this January 2013 visit, Mundy and Treat had been unaware that the Mundy lock had been removed.

On September 25, 2013, I asked Cliff Barnhill and Steve Meyers to travel to the point on the Northerly Grace River Easement where there is a gate erected by EL CABALLERO and take pictures of the area. Pictures of this gate are appended.[27] These pictures were taken at my direction. I have been there physically on several occasions in 2013 and these pictures are true representations of the area. There is nothing about this gate which would indicate in any way that anyone connected with Grace River Ranch was excluded or prohibited from using the Northerly Grace River Easement. There is no signage near the gate to this effect. There is only a coded keypad located at the gate. By means of this, someone desiring to use the road would punch in or otherwise seek access through the gate.

Without access through the Northerly Grace River Easement (due to the Low Water Crossing approach falling into disrepair), it is unlikely that someone would travel to the El Caballero front gate from the Grace River Ranch front gate. That trip is approximately 78 miles by car and takes approximately 1 hour and 45 minutes to drive. It is way out of the way unless you are travelling the Northerly Grace River Easement as a through way. However, once the Low Water Crossing is repaired, this will become the preferred method for reaching Cotulla and all points north from Grace Rive Ranch.

In April of 2013, I took a helicopter ride from the Cotulla Airport to Grace River Ranch. Part of the route we used included all of the Northerly Grace River Easement from the El Caballero Ranch gate to the Nueces River. The route appeared to be maintained as an all-weather road and free of any barriers with the exception of El Caballero's main gate.

[25] *Refer to* "Exhibit 32".
[26] *Refer to* "Exhibit 44".
[27] *Refer to* "Exhibit 45".

15

Representatives of Grace River Ranch have used the Easterly Access Easement freely since GRACE RIVER purchased the Grace River Ranch without any complaint or opposition by anyone connected with 7 C's Ranch.

From my review of the Deed Records from La Salle County, it appears that by Assignment of Access Easement Agreement dated April 1, 1995, and filed of record at Volume 382, Page 84, Official Public Records, La Salle County, Texas, ROBERT G. BRITTINGHAM was the Assignee of the Berry Easement.[28] From my review of the Official Public Records of La Salle County, Texas, it appears that there was the execution of a Revocable Permissive Gate Agreement dated October 31, 2002 and filed of record on January 29, 2003 at Volume 430, Page 528, Official Public Records, La Salle County, Texas.[29] The Revocable Permissive Gate Agreement expressly recognized the continued existence of the Berry Easement along the same path as the Northerly Grace River Easement and permissively allowed for the erection of one gate across the path of such easement to remain there at the pleasure of BRITTINGHAM.[30] From my review of the Official Public Records of La Salle County, Texas, it appears that there is no effort by EL CABALLERO to interfere with or repudiate the Berry Easement or any of the other easements along the Northerly Grace River Easement until EL CABALLERO filed its Notice of Revocation and Termination of Easement and Access Easement Agreements dated March 5, 2013 and filed of record at Volume 680, Page 417, Official Public Records, La Salle County, Texas.[31] This was done just shortly before the institution of this present suit.

From my examination of the records of La Salle County, I can find no record that the Commissioner's Court of La Salle County has ever attempted any abandonment of the La Salle County Easement by any methodology specified in TEX. TRANSP. CODE ANN., Chapters 251, 252.

I have examined all gates lying along the Easterly Grace River Easement. I have also examined the gates lying at either end of the Northerly Grace River Easement. There are no permanent improvements constructed across either of the Grace River Easements. There is no signage on any of these gates indicating that the Grace River Easement or the La Salle County Easement are refuted. From my examination of the gates at either end of the Northerly Grace River Easement, reconfiguring these gates to provide access to GRACE RIVER can be done with bare minimal cost and expense. It would be as simple as providing GRACE RIVER with the necessary access keys or codes. There is no permanent improvement that has been constructed across the Grace River Easement at any location. I have driven the entirety of the Easterly Grace River Easement. I have driven some of the Northerly Grace River Easement and overflown the remainder. A good and substantial all-weather road is being maintained along the entire length of the Grace River Easements. The only thing remaining to put the Northerly Grace River Easement into complete service are the repairs which I have described to the Low Water Crossing. The gates which have been placed across the Northerly Grace

---

[28] *Refer to* "Exhibit 51".
[29] *Refer to* "Exhibit 52".
[30] *Refer to* "Exhibit 52".
[31] *Refer to* "Exhibit 18".

16

River Easement are "high fence" gates which have been apparently constructed to contain wild game. I have observed no livestock in either one of these enclosures. There is no unbroken boundary fencing across any of the Grace River Easements. There is nothing I have observed which would render immediate use of the Grace River Easements impossible in any way.

From my review of the Deed Records, Official Public Records, and Deed of Trust Records of La Salle County, Texas, it appears that LAREDO MARINE on December 18, 2000, contemporaneously with its acquisition of the 7 C's Ranch from Damon Chouest, Inc. executed a Deed of Trust to Regions Bank.[32] In that Deed of Trust, LAREDO MARINE made certain warranties to Regions Bank regarding the status of its title to 7 C's Ranch in the middle of Page 3:

> **"WARRANTY: DEFENSE OF TITLE. The following provisions relating to ownership of the Property [7 C's Ranch] are a part of this Deed of Trust.**
>
>> Title. Grantor [Laredo Marine] warrants that (a) Grantor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or any title insurance policy, title report, or final title opinion issued in favor, and accepted by, Beneficiary [Regions Bank] in connection with this Deed of Trust..."

The description for the Real Property contained in the vesting deed into LAREDO MARINE specifically accepts and recognizes the existence of the Northerly Grace River Easement, the Easterly Grace River Easement, and the La Salle County Easement.[33]

In addition, LAREDO MARINE executed two Modification Agreements to this Deed of Trust dated respectively March 22, 2005,[34] and another Modification Agreement dated September 22, 2010.[35] Both of these Modification Agreements provide:

> "2.     Acknowledgement...Borrower [Laredo Marine] and Guarantors hereby acknowledge, agree, and represent that...(v) the representations and warranties contained in the...Deed of Trust...are true and correct as of the date hereof..."

By both of these Modification Agreements, LAREDO MARINE acknowledged and recognized the existence and validity of the Northerly Grace River Easement, the Easterly Grace River Easement, and the La Salle County Easement. All of these instruments expressly warranted that LAREDO MARINE had good title to the 7 C's Ranch save and except for these encumbrances."

---

[32] *Refer to* "Exhibit 54".
[33] *Refer to* "Exhibit 34".
[34] *Refer to* "Exhibit 55".
[35] *Refer to* "Exhibit 56".

17

_____
KENNEY NEWVILLE

STATE OF _Missouri_ §
§
COUNTY OF _Buchanan_ §

      SUBSCRIBED AND SWORN TO BEFORE ME, by the said KENNEY NEWVILLE this _8th_ day of _August_ , 2014, to certify which witness my hand and seal of office.

_____
Notary Public, State of _Missouri_

LORRIE A. SMILEY
My Commission Expires June 21, 2017
Commission #13546377
Buchanan County
NOTARY PUBLIC    NOTARY SEAL
STATE OF MISSOURI

18